389 P.2d 263

**In the Matter of a Member of the State Bar of Arizona, F. Patrick LANAHAN, Respondent.**

No. 7951.

Supreme Court of Arizona.

En Banc.

Feb. 13, 1964.

F. Patrick Lanahan, in pro. per.

Sheldon Mitchell, Phoenix, for the State Bar of Ariz.

PER CURIAM.

This is a disbarment proceeding. It is before this Court on findings of fact and recommendations of the Local Administrative Committee and affirmed by the Board of Governors of the State Bar of Arizona. The findings, briefly summarized and the conclusions and recommendations are:

*Meador Case*

*Findings:*

John Treadaway retained F. Patrick Lanahan as his attorney. At the time Treadaway engaged the respondent as his counsel Treadaway had filed a lawsuit in the Superior Court of Maricopa County in which he was the plaintiff. Treadaway's complaint was based upon fraud, and, in addition to pecuniary damages, asked for the rescission of a real estate contract. At that time there had been filed and served upon Treadaway written interrogatories to be answered by him, and in connection therewith the Superior Court had already entered an order on March 17, 1961, compelling such answers to be made, filed and served on or before March 27, 1961.

Upon undertaking the representation of Treadaway, the respondent obtained from defendant's counsel an extension of time within which to answer the interrogatories. The respondent, however, did not properly or timely prepare, file or serve the answers to the interrogatories. A motion to dismiss Treadaway's complaint was subsequently made by the defendant and notice thereof served upon the respondent, said motion being based upon Treadaway's failure to

answer the submitted interrogatories. On April 17, 1961, the Superior Court dismissed Treadaway's complaint for failure to comply with the court order of March 17, 1961, requiring answers to the defendant's submitted written interrogatories. At the hearing of said motion the respondent did not appear nor file any documents in court on behalf of his client.

The respondent first learned that the complaint had been dismissed when so informed by Treadaway. Upon learning of the dismissal of Treadaway's complaint, he advised Treadaway that he, the respondent, would immediately file a motion to set aside the dismissal. The respondent thereafter advised Treadaway that a motion to set aside the dismissal of the complaint had been made. Such motion was not then made and no motion was made until August 23, 1961, which was more than thirty days from the entry of the order of dismissal. The motion made by the respondent to set aside the dismissal of Treadaway's complaint was denied and the dismissal with prejudice remained.

## Kloss Case

*Findings:*

In March of 1961, Treadaway was sued by one Stephen J. Kloss for $2,100. Respondent was retained to represent Treadaway in the defense of this lawsuit and consented to act as attorney for Treadaway in connection therewith. Respondent entered an appearance in the case by making a motion to dismiss the complaint, which motion was denied. Respondent failed to advise Treadaway of the denial of said motion, and did not withdraw from the case as attorney for Treadaway, or inform Treadaway that he would not take further action in defense of Treadaway. No answer was filed in the action and the time to answer expired. After the time to answer the complaint had expired, the respondent received notice that application for default judgment was being made. Thereafter, default judgment was obtained by the plaintiff Kloss against Treadaway. The respondent did nothing to prevent the plaintiff's obtaining this default judgment. No appearance was made by the respondent the day the default judgment was heard and entered. After the entry of the default judgment against Treadaway, respondent did not attempt to correct, modify or set aside the judgment.

As a result of the entry of the judgment against Treadaway execution was had and personal property of Treadaway levied upon. A sheriff's sale was made and a deficiency judgment obtained by Kloss against Treadaway. After the entry of the judgment against Treadaway, the respondent, Treadaway, Kloss and Kloss' attorney met in Kloss' attorney's office and at that time the respondent stated that he would satisfy

the judgment that had been taken against his client.

On September 28, 1962, respondent gave his personal check to Treadaway in the amount of $2,120, which check was drawn on an account without sufficient funds to pay the same and which account was closed out on October 10, 1962. Treadaway at the time that he took the check realized that there were insufficient funds with which to cover the check but took the check in the belief that within a short time after the issuance of the check funds would be raised.

## CONCLUSIONS

### *Meador Case*

"Respondent, having accepted the representation of Treadaway, was obligated to comply on behalf of his client with the Court order in regard to answers to the interrogatories, or to take other appropriate action concerning such interrogatories. In failing to meet this obligation, respondent was guilty of professional misconduct. (Canon 32)."

### *Kloss Case*

"Respondent, having accepted the representation of Treadaway, was obligated to defend the action and to see that a default was not entered against Treadaway, or, under proper circumstances, to withdraw from such representation and to notify Treadaway that the motion to dismiss had been denied and that, unless Treadaway responded to the complaint within the time permitted, a default judgment might be entered against him. In failing to meet these obligations, respondent was guilty of professional misconduct."

## RECOMMENDATIONS

"The respondent should be disciplined due to his lack of recognition of the responsibilities attendant upon the practice of law and the abrogation by him of the duties and responsibilities which he owed to his client. It is recommended that respondent be disbarred."

Respondent was notified of the proceedings but did not file with the State Bar a request to be heard orally before the Board of Governors.

The Board of Governors of the Bar filed its recommendations with this Court on May 2, 1963. Respondent was notified of this action but has not requested to be allowed to file briefs or to make oral argument. He has, however, filed an affidavit, not in denial of the facts in the record before the Committee, but in explanation of the personal factors involved in this unfortunate situation, where alcoholism prevented a young attorney from properly performing his duties.

The Court has summerized the duty of an attorney to his client as follows:

" * * * he is bound to discharge his duties towards the client with the strictest fidelity, and to observe the highest and utmost good faith towards him, and if it appears that he has failed to do this, either through willful intent, gross negligence or professional ignorance, he is subject to discipline by the court, which discipline may even extend to denying him the right to further practice his profession." In re Greer, 52 Ariz. 385, 391, 81 P.2d 96, 99.

We are compelled to hold the acts and omissions to act of respondent cannot be excused or condoned on the grounds of mere ignorance and negligence, but that they show conclusively that respondent does not possess or is unable to act upon that standard of ethics required of those who are granted the privilege of practicing law before the courts of this state. We must see that the conduct of those who practice law is such that it gives no just cause for criticism by the public, and when, unfortunately, it appears that one of the members of the Bar has departed so far from proper ethical standards as the evidence in this case shows that respondent has, we can do but one thing.

It is our opinion the protection of society requires that respondent should be disbarred from the further practice of law in this state, and such is the order of the Court.