416 P.2d 974

John Wesley SCHROEDER, Petitioner,

v.

The STATE of Arizona, Respondent.

No. 1499.

Supreme Court of Arizona.

In Banc.

July 15, 1966.

Darrell F. Smith, Atty. Gen., and James S. Tegart, Asst. Atty. Gen., Robert K. Corbin, Maricopa County Atty., by Larry V. Cronin, Deputy County Atty., for respondent, State.

W. Edward Morgan, Tucson, and Robert J. Grygiel, Phoenix, for petitioner.

PER CURIAM:

The petitioner, John Wesley Schroeder, hereinafter referred to as defendant, on the 18th day of May, 1966, through his attorney, filed with this Court a petition to vacate the mandate imposing the death penalty on defendant for the crime of first degree murder, and requested that an order staying the execution for a period of 180 days, be granted, and further requested that the matter of hearing the petition be set for the 20th day of May, 1966 before this Court; and

The matter having been presented to this Court on the 20th day of May, 1966, and defendant through his counsel having made a substantial showing that he had not been represented by a competent attorney, at the trial, and it appearing there were serious doubts that defendant had received a fair and impartial trial, due to the incompetence and intoxication of defense counsel,

Whereupon, this Court made an order in which it was stated that "[t]his Court does not recognize the jurisdiction of the Superior Court of Maricopa County to hear and determine the proceedings presently pending before it"; however, the Court did recognize the serious constitutional question presented by the petition that the trial of the defendant did not conform to the standards set out by the Constitution of the State of Arizona,

Whereupon, in pursuance to Article VI, § 5, subsec. 4, of the Constitution of Arizona, A.R.S., the Honorable Warren L. McCarthy, Judge of the Superior Court of Maricopa County, who presided at the trial, was directed to conduct a hearing and make findings of facts within fifteen days, regarding the competence of defendant's attorney during the course of the trial. It was further ordered that the date of execution of defendant, set for May 27, 1966, be vacated.

In compliance with the order of this Court the Honorable Warren L. McCarthy did conduct a hearing, and defendant and the State both presented witnesses pertaining to the primary question of the competence of petitioner's attorney, F. Patrick Lanahan,[1] to conduct the defense during the trial of defendant.

1. In re Lanahan, 95 Ariz. 268, 389 P.2d 263.

At the conclusion of the hearing the Honorable Warren L. McCarthy made the following findings of fact:

"From all of the testimony and the exhibits admitted into evidence, the Court finds as follows:

"1. Defendant Schroeder, during the course of the trial, was suffering severe intermittent pains from his prior wounds, and was further suffering from withdrawal symptoms from the lack of his daily prescribed narcotic drugs and was thus unable to do other than completely rely upon his lawyer for his defense.

"2. Defendant's lawyer, Patrick Lanahan, had become a daily drinker and an alcoholic for a long period of time prior to the trial of this cause.

"3. Patrick Lanahan continued his drinking during the course of the trial and was in a state of a partial alcoholic blackout during the entire trial proceedings.

"4. Patrick Lanahan failed to comply with minimum standards of good legal practice by failing to do the following:

a. To file or present a legally adequate motion for continuance.

b. To interview any witnesses, or adequately interview the defendant, prior to trial.

c. To have psychiatric examination of defendant Schroeder and an expert witness as to the probable effects of a severe blow on the head immediately prior to the homicide.

d. To prepare and present a theory of defense and any matters in mitigation of the offense both during the trial and in closing argument.

e. To prepare any instructions for the Court.

f. To file a Notice of Appeal within the time limit prescribed by law.

"5. The entire defense was without preparation, was entirely impromptu and presented with impaired intellectual functioning due to alcohol.".

While the Attorney General has objected to the findings of fact, we are of the view that there is substantial evidence to support the trial court's findings of fact.

It is therefore ordered that the judgment of conviction is reversed and the cause is remanded for a new trial.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this matter.