OHIO STATE BAR ASSOCIATION *v.* CONSOLDANE.

(D. D. No. 77-2—Decided June 29, 1977.)

338

*Mr. Frank E. Quirk, Mr. Thomas R. Spellerberger, Mr. Albert L. Bell* and *Mr. John R. Welch,* for relator.

*Mr. Robert W. Jones, Mr. Samuel E. Petkovich* and *Mr. R. J. Vesmas,* for respondent.

*Per Curiam.* Relator, Ohio State Bar Association, disagrees with the disciplinary recommendation made by the

board, and urges that the discipline in this case be no less than suspension for an indefinite period from the practice of law.

DR 9-101(C) of the Code of Professional Responsibility provides:

"A lawyer shall not state or imply that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official."

DR 1-102(A) reads, in part:

"A lawyer shall not:

"* * *

"(3) Engage in illegal conduct involving moral turpitude.

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"(5) Engage in conduct that is prejudicial to the administration of justice."

DR 7-102(A) reads, in part:

"In his representation of a client, a lawyer shall not:

"* * *

"(7) Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.

"(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule."

It is relator's contention, and the board so held, that respondent's conduct constitutes a violation of each of the aforementioned Disciplinary Rules. Relator argues further that where an attorney at law attempts to obtain funds from his client, or from another person on behalf of his client, for the stated purpose of using the funds as a bribe to influence a public official in the performance of his official duties, such misconduct raises a serious question as to that attorney's moral fitness to continue in the practice of law.

In *Toledo Bar Assn.* v. *Kolby* (1970), 22 Ohio St. 2d 185, respondent attorney attempted to bribe a witness to testify that his client was not driving under the influence of alcohol, or not to testify at all. Although the bribe was apparently not consummated, this court found that Kolby's conduct violated Canons Nos. 15, 29 and 32 of the Canons

of Professional Ethics, then in effect. The court therefore suspended Kolby from the practice of law for an indefinite period.

In *Cleveland Bar Assn.* v. *Fatica* (1971), 28 Ohio St. 2d 40, this court reviewed a complaint against an attorney who had been convicted of the offense of soliciting and accepting a bribe, the crime having been committed while respondent was serving in the position of city councilman. The court permanently disbarred the attorney, and, at page 43, stated the following:

"A civilized society cannot long remain without implicit confidence in those who occupy responsible positions of public trust, including both public officials, and members of the Bar who are 'officers of the court.' The solicitation and acceptance of a bribe by such a person is, by its very nature, so serious as to warrant, if not compel, permanent removal from such a position of trust."

We are in agreement with the finding of the board that "[t]he seriousness of the charges [against respondent] is intensified by the fact that the respondent has been a continuous member of the court family in Trumbull county since 1967 and would leave the impression with the public that respondent worked with, knew and could influence the public officials." We disagree, however, with the board's recommendation as to the appropriate disciplinary action to be taken.

It is the considered judgment of this court that respondent be indefinitely suspended from the practice of law for his violations of the Code of Professional Responsibility.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.

P. BROWN, J., not participating.