TOLEDO BAR ASSOCIATION *v.* DEMARS.

[Cite as Toledo Bar Assn. *v.* DeMars (1983), 6 Ohio St. 3d 12.]

(D.D. No. 83-4—Decided July 13, 1983.)

*Mr. John G. Mattimoe, Mr. J. Jeffrey Lowenstein* and *Mr. Carl F. Dorcas,* for relator.

*Messrs. Newcomer & McCarter* and *Mr. N. Stevens Newcomer,* for respondent.

*Per Curiam.* Respondent does not remonstrate against the board's findings that he has violated several Disciplinary Rules; rather, he protests the severity of the sanction, *i.e.,* indefinite suspension from the practice of law, which the board recommended. Respondent urges the court to defer imposition of the suspension for two years upon the following conditions: that he refrain from practicing law for another year, permit the local bar association to monitor his work upon resumption of his practice, make any restitution ordered by the court, abstain from any consumption of alcohol and continue his active involvement with Alcoholics Anonymous. Although respondent's proposal is not without some merit, we must reject it.

This court is not insensitive to the fact that, particularly in the past decade, the pernicious effects of alcoholism and drug addiction have permeated every sector of society and every profession. Members of the bar, of course, have enjoyed no special immunity. Indeed, it is clear that many of the recently observed incidents of attorney wrongdoing can be directly attributed to the influence of these twin scourges. Cognizant of the interrelationship between such addiction and misconduct, we have acknowledged alcoholism as a mitigating factor in imposing sanctions for infractions of the Code of Professional Responsibility. *Ohio State Bar Assn.* v. *Roest* (1978), 54 Ohio St. 2d 95, 100 [8 O.O.3d 90].

The problem of disciplining the attorney whose misconduct is a result of alcoholism or drug addiction presents a most formidable dilemma. Although this court is committed to the expeditious rehabilitation of malfeasant lawyers, we simultaneously owe a prodigious obligation to the public. It is

solely incumbent upon this court to ensure the fitness of those who practice law in Ohio. As the public is otherwise defenseless against the incompetent or unethical attorney who is not immediately identified and denied the right to practice, our primary responsibility must be to the citizens of this state, not the offending practitioner. Thus, if we must act harshly, we must do so at the expense of the attorney, however tragic and pitiable his plight.

In order to encourage the recovery of attorneys suffering from alcohol or drug abuse without sacrificing or in any way jeopardizing our superordinate commitment to the public, an extensive study of the problem posed by the chemically or otherwise dependent practitioner must first be undertaken. Only then can an equitable, comprehensive and consistent policy be developed that responsibly addresses the issues and is consonant with both the societal and individual objectives of disciplinary proceedings. Such a policy cannot and should not be constructed on the foundation of a series of *ad hoc* decisions.

Gov. R. V (6) sets forth the sole disciplinary options available to the court for punishing an errant attorney: public reprimand, one-year or indefinite suspension from the practice of law, and permanent disbarment. No provision is made therein for the sanction which respondent urges, and, for the reasons previously stated, we find inadvisable any attempt to fashion, without proper study, a new mode of discipline for the practitioner whose misconduct is a product of alcoholism or drug addiction. In concurring in the board's recommendation, we join with courts in other jurisdictions which, when faced with the same issue, have refused to impose "conditional" license suspensions. See *In re Kiepura* (1980), 75 App. Div. 2d 664, 426 N.Y.Supp. 2d 591; *In re Wooten* (1973), 260 S.C. 12, 193 S.E. 2d 808; *In re Lanahan* (1964), 95 Ariz. 268, 389 P. 2d 263.

Finally, in favor of his proposal, respondent cites *Stark County Bar Assn. v. Weber* (1963), 175 Ohio St. 13 [23 O.O.2d 292]. We find *Weber* inapplicable, however, as the Rules for the Government of the Bar that bind us today were not in effect at the time of that decision.

Thus, this court concurs with the findings of the board that respondent violated DR 1-102 (A)(4), (5) and (6), DR 2-106 (A), DR 6-101 (A)(1), (2) and (3) and DR 9-102 (A) and (B), and it is the judgment of this court that respondent be indefinitely suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.