BAR ASSOCIATION OF GREATER CLEVELAND *v*. WILSMAN.

[Cite as Bar Assn. of Greater Cleveland *v*. Wilsman (1984),
9 Ohio St. 3d 5.]

(D.D. No. 83-16—Decided January 4, 1984.)

*Mr. Seymour R. Brown, Mr. Julien Renswick* and *Mr. Brano Urbancic,* for relator.

*Messerman & Messerman Co., L.P.A.,* and *Mr. Gerald A. Messerman,* for respondent.

*Per Curiam.* This court has, with care and caution, examined and reviewed the rather extensive transcript in this case, and concurs in the board's findings of respondent's violations of the Code of Professional Responsibility. Because of the gravity of respondent's misconduct at issue herein, this court must disagree with the board's recommended sanction of a one-year suspension. This court finds, based on the record, that respondent's actions warrant an indefinite suspension from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and C. BROWN, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

J. P. CELEBREZZE, J., not participating.

LOCHER, J., dissenting. The original panel recommended that respondent should be given a public reprimand. The full board recommended a one-year suspension. To exceed the penalties of both the panel and the board, through imposition of an indefinite suspension, is unduly harsh.

To properly evaluate the severity of the sanction being imposed today, it is necessary to review prior instances of conduct resulting in indefinite

suspension. In *Toledo Bar Assn.* v. *DeMars* (1983), 6 Ohio St. 3d 12, respondent, an alcoholic, committed three discrete and separate disciplinary breaches. Each incident involved misappropriation of client monies and a breach of fiduciary duty to those clients. The board recommended indefinite suspension and this court affirmed that recommendation under the rationale of an obligation to safeguard the public. Moreover, respondent voluntarily removed himself from the practice of law prior to the decision.

In *Dayton Bar Assn.* v. *Moore* (1982), 2 Ohio St. 3d 11, respondent in three separate instances, failed to pursue legal matters in which he kept a retainer. Respondent never returned those funds and never bothered to respond to the disciplinary complaint, although notice was given. The board recommended indefinite suspension and this court affirmed.

In *Butler Cty. Bar Assn.* v. *Green* (1982), 1 Ohio St. 3d 48, two separate disciplinary actions were consolidated against respondent. In the first he drew, over the course of approximately one year, the sum of $9,000 from a fiduciary checking account, leaving only $200 in the estate account. In the second action, respondent once again took client funds without client consent. The second count of the latter action indicated respondent failed to file a legal action for another client although contrary representations had been made to the client. The result, as determined by this court, was an indefinite suspension.

In *Bar Assn.* v. *Cassaro* (1980), 61 Ohio St. 2d 62 [15 O.O.3d 109], respondent was convicted of five criminal misdemeanor violations involving a workers' compensation fraudulent claim scheme. The board recommended indefinite suspension and this court affirmed.

This court has historically imposed indefinite suspensions where respondents have engaged in substantial criminal activity; (see, *e.g., Cincinnati Bar Assn.* v. *Levin* [1983], 3 Ohio St. 3d 25 [drug trafficking]; *Ohio State Bar Assn.* v. *Consoldane* [1977], 50 Ohio St. 2d 337 [4 O.O.3d 477] [using bribery as a ruse to obtain a fee]); when respondent has been found guilty of separate and discrete incidents of disciplinary violations (see, *e.g., Ohio State Bar Assn.* v. *Roest* [1978], 54 Ohio St. 2d 95 [8 O.O.3d 90]); and where the board or the bar association has recommended imposition of indefinite suspension (see all cases discussed *supra*). In a number of those cases respondent offered no mitigating factor, such as prior alcoholism, to temper the imposed sanction (see *Ohio State Bar Assn.* v. *Consoldane, supra*).

The sanction of indefinite suspension imposed today, given the totality of circumstances herein, is without precedent. A standard pattern for imposition of indefinite suspension usually includes at least one of the following: multiple instances of disciplinary violations, a board recommendation for indefinite suspension, and a pattern of behavior which would lead reasonable minds to believe the public might have reason to fear a reoccurrence of improper behavior and/or ineffective client representation.

Although this court is not bound by board recommendation, and no one factor necessarily determines whether imposition of indefinite suspension

will lie, it is important to evaluate the totality of circumstances in imposing as severe a sanction as indefinite suspension.

Respondent has, with the sole exception of the incident at bar, an exemplary record of achievement with a substantial history of *pro bono publico* work. The evidence further indicates respondent has not consumed alcohol since March 1981. An indefinite suspension under the facts of the instant case is not warranted.

This case is somewhat unusual — respondent is a "name" partner in a prestigious medium-size law firm. Respondent's position should not, however, give rise to excessive punishment when the evidence amply demonstrates the public has nothing to fear, and in point of fact, has much to lose in his indefinite removal from the bar. Moreover, no recommendation has been made for indefinite suspension and no pattern of misbehavior is evidenced by the record. Accordingly, I would suspend respondent for a period of one year.

HOLMES, J., concurs in the foregoing dissenting opinion.