**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Donald L. WHITE, Jefferson County, Respondent.**

**No. 89–SC–548–KB.**

Supreme Court of Kentucky.

Feb. 8, 1990.

Raymond Clooney, Bar Counsel, Kentucky Bar Ass'n, Frankfort, for complainant.

Grover S. Cox, Edward F. Rectenwald, Louisville, for respondent.

OPINION AND ORDER

STEPHENS, Chief Justice.

The respondent, Donald L. White, was convicted in Jefferson Circuit Court of theft by deception for taking money from his clients under a pretense of bribing the presiding judge. Following the conviction, the respondent was temporarily suspended from the practice of law. The conviction was reversed upon appeal, and the temporary suspension was vacated. The respondent has not been retried on the criminal charges.

Nevertheless, the Kentucky Bar Association preferred charges against respondent for violation of Disciplinary Rules 9–101(C) and 1–102(A)(3), (4), (5), and (6). The Board of Governors found him guilty of the charge and has recommended his disbarment.

The substance of the accusation against respondent is that he solicited $6,000.00 from his clients by telling them that $1,000.00 was his fee and that the judge wanted $5,000.00 to guarantee probation. It is also charged that he represented to his clients that if they would furnish him some money, he would donate it to the judge's son who was a candidate for office and that the judge's son would prevail upon his father to see that the client's bond was not increased. Neither of these claims had any basis in fact but were used by the appellant in an attempt to extract more money from his clients for his own use.

Respondent maintains that the charges against him were not sustained because a taped recording of a conversation between him and his clients and a transcript of testimony from his previous criminal trial were inadmissible as evidence against him.

His former clients wired themselves for sound transmission, and the conversation between clients and attorney was monitored by a police officer who also recorded the conversation. The transmission contained a number of inaudible spaces caused by other interfering transmissions, but there were plainly audible portions of the tape where respondent was heard to tell his clients that $5,000.00 was needed for the judge to guarantee probation. He also told them this was unlawful and was something you didn't talk about. He also discussed the donation of money to the campaign of the judge's son to assure that their bond was not increased.

Respondent contends that the term "$5,000.00 for the judge" was simply a euphemism meaning $5,000.00 necessary to pay a fine. He claims that the tape recording was not admissible because of the blank spaces on the tape, because the tape was not properly authenticated, and because he could not cross-examine the tape.

We think the tape was properly admitted. The police officer who monitored the conversation testified that the tape recording accurately reflected the conversation that he monitored, that the equipment was capable of transmitting and recording the conversation, and that it had not been altered in any way. In addition, the tape recording had been used in respondent's previous criminal trial, and during his testimony therein he admitted that it was his voice on the recording.

Respondent also claims that the transcript of his testimony at the criminal trial should not have been admitted because his conviction was reversed, one of the grounds being that he had been denied the ability to cross-examine his former clients. The inability to examine the former clients has no bearing however upon the admissibility of the respondent's own testimony at the previous trial which indicates his guilt in this proceeding.

Furthermore, even without the tape recording and the transcript of the previous trial, the testimony of a police officer, standing alone, was sufficient to support the findings against the respondent. The officer testified that after his arrest the respondent told him that there was no bribery scheme but that he had told his clients that probation could be arranged for a price in order to inflate his fee.

The evidence is sufficient to sustain the findings that the respondent implied to his clients that he was able to improperly influence a judge in violation of DR 9–101(C) and that dishonest, fraud, and misrepresentation, all prejudicial to the administration of justice, in violation of DR 1–102.

WHEREFORE, IT IS ORDERED that the respondent be, and he is hereby, disbarred from the practice of law in the Commonwealth of Kentucky.

The respondent is ordered to notify all courts in which he has matters pending, all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within 10 days of the date of this order, and respondent shall simultaneously provide a copy of all such letters to the director of the Kentucky Bar Association.

The respondent shall seek reinstatement only under the provisions of SCR 3.520, and the respondent shall pay the costs of this action. The period of time during which the respondent was temporarily suspended from the practice of law shall be credited against the minimum waiting period required by SCR 3.520 for the filing of an application for reinstatement.

This order shall constitute a public record.

All Justices sitting.

All concur.