OFFICE OF DISCIPLINARY COUNSEL *v.* ATKIN.

[Cite as *Disciplinary Counsel v. Atkin* (1999), 84 Ohio St.3d 383.]

(No. 98–713—Submitted July 15, 1998—Decided January 13, 1999.)

384

*Jonathan E. Coughlan,* Disciplinary Counsel, for relator.

*Sanford I. Atkin, pro se.*

***Per Curiam.*** We adopt the findings, conclusions, and recommendation of the board. We are particularly disturbed by respondent's suggestion that he could bribe United States District Judge George W. White, Jr. Representations of this kind deserve the severest of sanctions. First, such statements violate DR 9–101(C) (a lawyer shall not state or imply that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official). The rationale for that rule is in EC 9–4, which states, "Because the very essence of the legal system is to provide procedures by which matters can be presented in an impartial manner so that they may be decided wholly upon the merits, any statement *or suggestion* by a lawyer that he can or would attempt to circumvent those procedures is detrimental to the legal system and tends to undermine public confidence." (Emphasis added.) Suggestions by an attorney, however untrue, that a judge might be bribed weaken the public's respect for the judicial system and the faith of the people in a rule of law over men, and are intolerable.

Second, in this particular case we cannot ignore that respondent's conduct imposed serious inconvenience and great hardship upon Judge White. Respondent's totally false implication gave rise to an investigation of the judge. Although he was found to have no involvement in or knowledge of respondent's mendacity, Judge White was subjected to a compete analysis of his personal finances by the United States Attorney's Office.

Third, representations of the kind made by respondent not only reflect ill upon the judiciary, but also damage for a time, however long, the reputation of the judge involved. "Reputation," as Cassio said in Shakespeare's Othello, is "the immortal part of myself." (Act II, scene iii.) In *State ex rel. Oklahoma Bar Assn. v. Evans* (Okla.1987), 747 P.2d 277, 280, the Oklahoma Supreme Court, confronted with a situation similar to ours, said, "[L]ittle comfort is found in the fact that the words spoken did not ripen into conduct. The words were spoken by an attorney, an officer of the court. The suggestion that justice is to be had for a price must, of necessity, foster apprehension and mistrust in the administration of justice. * * * When the conduct examined here is viewed from the perspective of the public officials who were said to be receptive to such a scheme, the personal harm done to their reputation in the community is self evident."

We do not consider lightly representations that a judge can be bribed. Even where there was no damage to the public official from a false statement of this kind, we have imposed the sanction of indefinite suspension. *Ohio State Bar Assn. v. Consoldane* (1977), 50 Ohio St.2d 337, 4 O.O.3d 477, 364 N.E.2d 279; *Columbus Bar Assn. v. Benis* (1983), 5 Ohio St.3d 199, 5 OBR 415, 449 N.E.2d 1305. In those cases, as in *Kentucky Bar Assn. v. White* (Ky.1990), 783 S.W.2d 883, where disbarment was deemed appropriate, the offending attorney's lack of intent to carry out the bribe was not a mitigating factor.

In this case, respondent is permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.