[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 109.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BOZANICH.

MAHONING COUNTY BAR ASSOCIATION *v.* BOZANICH.

[Cite as *Disciplinary Counsel v. Bozanich*, 2002-Ohio-1939.]

*Attorneys at law—Misconduct—Permanent disbarment—Paying money to a judge before whom attorney appeared as counsel—Handling a legal matter without preparation adequate in the circumstances—Neglect of an entrusted legal matter—Failing to carry out contract of professional employment—Failing to cooperate in disciplinary investigation.*

(No. 01-1562—Submitted October 16, 2001—Decided April 24, 2002.)

(No. 01-1880—Submitted January 9, 2002—Decided April 24, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, Nos. 00-30 and 01-42.

_____

*Per Curiam.*

{¶ 1} On April 17, 2000, relator, Office of Disciplinary Counsel, filed a complaint in case No. 00-30 (Supreme Court case No. 01-1562), charging that respondent, Peter J. Bozanich of Boardman, Ohio, Attorney Registration No. 0037881, violated several provisions of the Code of Professional Responsibility by paying money to a judge before whom he appeared as counsel. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel accepted the stipulations of the parties that in 1992, respondent, at the request of Judge Patrick Kerrigan of the Youngstown Municipal Court, arranged a meeting between the judge and Mark Novosel, who ran a substance abuse program for DUI offenders. At the meeting, respondent gave Judge Kerrigan an envelope he had received from Novosel containing $1,000.

Later in 1992, at a Christmas party, Judge Kerrigan asked respondent for $1,000, saying, "You are appearing in my court next week." Respondent gave the judge $1,000. In the spring of 1996, while respondent was appearing in court before Judge Kerrigan, the judge took respondent aside and asked him for $400, which the respondent, at the judge's instruction, put in the judge's coat in his chambers. In the summer of 1996, Judge Kerrigan called respondent and asked whether he had been paid by a client who was appearing before the judge, saying, "I need the money." The respondent told the judge that he had not been paid by the client and therefore had no money to give to the judge.

{¶ 3} The panel accepted the further stipulation that in March 1998, Judge Kerrigan pled guilty in federal court to two counts of extortion and one count of obstructing justice. The judge's guilty plea was motivated in large part by respondent's willingness to testify at the trial. However, while respondent cooperated in the federal investigation of Judge Kerrigan, it was not until 1999 that respondent notified disciplinary authorities about the judge's conduct.

{¶ 4} The panel accepted the stipulation that by his acts and failures to act respondent violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law). In addition, the panel concluded that respondent had violated DR 1-103(A) (a lawyer who has unprivileged knowledge of a violation of DR 1-102 shall report that knowledge to a tribunal or to other investigatory authorities). After considering that respondent cooperated in the investigation of Judge Kerrigan, the panel recommended that respondent be indefinitely suspended from the practice of law.

{¶ 5} The board adopted the findings, conclusions, and recommendation of the panel in case No. 01-1562.

{¶ 6} On April 9, 2001, while case No. 01-1562 was pending, relator, Mahoning County Bar Association, filed a complaint against respondent in case No. 01-42 (Supreme Court case No. 01-1880), alleging that in June 1999, Aubin Rivera, Jr. retained respondent to have Rivera's oldest daughter declared emancipated and to resolve an issue of alleged back child support. Rivera paid respondent $400. Respondent drafted an agreed judgment entry, but Rivera's ex-wife refused to sign it. Respondent then told Rivera he would draft a motion and obtain a hearing date. Rivera gave respondent a check for the fee to file the motion but thereafter could not contact respondent.

{¶ 7} Rivera filed a grievance against respondent, and although a representative of relator was able to speak briefly with respondent about it, respondent did not answer relator's April 9, 2001 complaint. Relator's motion for default was referred to Master Commissioner John R. Milligan for ruling.

{¶ 8} The master commissioner found the facts as alleged in the complaint and concluded that respondent's failure to act violated DR 6-101(A)(2) (a lawyer shall not attempt to handle a legal matter without preparation adequate in the circumstances), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), and 7-101(A)(2) (a lawyer shall not fail to carry out a contract of professional employment). He also found that respondent's failure to cooperate with relator violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing). Noting no mitigating factors for consideration, the master commissioner recommended that respondent be suspended from the practice of law for an indefinite period.

{¶ 9} The board adopted the findings and conclusions of the master commissioner, but noting also its findings and conclusions in case No. 01-1562, recommended that respondent be disbarred from the practice of law.

{¶ 10} Upon review of the record in both of these matters, we adopt the findings and conclusions of the board in both. We adopt the recommendation of the board in case No. 01-1880 that respondent be permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would indefinitely suspend respondent.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator in case No. 01-1562.

*Larry D. Wilkes* and *Ronald E. Slipski*, for relator in case No. 01-1880.

*J. Gerald Ingram,* for respondent in case No. 01-1562 only.

_____