DISCIPLINARY COUNSEL *v.* PHILLIPS.

[Cite as *Disciplinary Counsel v. Phillips,*
108 Ohio St.3d 331, 2006-Ohio-1064.]

(No. 2005–1213—Submitted November 29, 2005—Decided March 22, 2006.)

---

**Per Curiam.**

{¶ 1} Respondent, Aaron LaBracc Phillips of Garfield Heights, Ohio, Attorney Registration No. 0062879, was admitted to the Ohio bar in 1994. On November 21, 2003, we imposed an interim suspension of his license to practice law under Gov.Bar R. V(5) after we received notice that respondent had been convicted of a felony offense. See *In re Phillips,* 100 Ohio St.3d 1493, 2003-Ohio-6184, 799 N.E.2d 176.

{¶ 2} On February 17, 2004, relator, Disciplinary Counsel, filed a complaint charging respondent with multiple violations of the Code of Professional Responsibility. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in March 2005. The panel then prepared written findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

{¶ 3} Respondent served as an assistant prosecuting attorney in Cuyahoga County from 1996 until February 2003. Soon after starting that job, he began drinking alcohol. A year or two later, respondent started smoking marijuana. Then in 1999 or 2000, he began using cocaine. By 2003, he was paying roughly $350 every seven to ten days to purchase cocaine for his own use.

{¶ 4} To help pay for his drug habit, respondent—while still serving as a prosecutor—accepted a $2,000 bribe from a criminal defendant and promised to speak to a judge about that defendant's criminal case. To another defendant—who turned out to be an undercover informant wearing a recording device—respondent said that he was going to "go out on a big, big limb" and "fix" the man's criminal case, adding, "That's going to cost you."

{¶ 5} In February 2003, respondent was indicted on multiple felony charges in Cuyahoga County, and he pleaded guilty in June 2003 to the crimes of bribery, attempted obstruction of justice, attempted bribery, theft in office, possession of drugs, possession of criminal tools, and attempted tampering with evidence. He was sentenced to 30 months in prison, but his request for judicial release was granted by the trial court in March 2004 after respondent had served six months of his sentence. The trial court then ordered respondent to complete an inpatient drug-treatment program, remain under house arrest, join a recovery group, perform community service, and comply with community-control sanctions, including drug testing for three years. Respondent completed an inpatient drug-treatment program in July 2004.

{¶ 6} Respondent acknowledged and the board found that he had violated the following Disciplinary Rules: DR 1–102(A)(3) (barring illegal conduct involving moral turpitude), 1–102(A)(4) (prohibiting conduct involving fraud, deceit, dishonesty, or misrepresentation), 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice), 7–102(A)(5) (prohibiting an attorney from making a false statement of fact), 7–102(A)(8) (prohibiting any illegal conduct or act in violation of a Disciplinary Rule), 7–104(A)(1) (prohibiting a lawyer from impermissibly communicating with a represented party), 8–101(A)(3) (barring a lawyer who holds public office from accepting anything of value from any person when the lawyer knows or it is obvious that the offer is for the purpose of influencing his action as a public official), and 9–101(C) (prohibiting a lawyer from stating or implying the ability to influence improperly a tribunal, legislative body, or public official).

{¶ 7} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The mitigating factors identified by the board included the absence of a prior disciplinary violation by respondent, his cooperative attitude toward the disciplinary process, his acceptance of responsibility for his misconduct, and the imposition of other penalties and sanctions on him. BCGD Proc.Reg. 10(B)(2)(a), (d), and (f). Respondent also presented evidence at the hearing about his good character and reputation. BCGD Proc.Reg. 10(B)(2)(e).

{¶ 8} Relator recommended that respondent be permanently disbarred. The panel agreed with that recommendation by a two-to-one vote, and the full board agreed with the relator's recommendation as well. The case is now before us on respondent's objections to the board's recommendation.

{¶ 9} We have reviewed the board's report and have also considered the written and oral arguments presented by the parties in response to that report.

We agree that respondent violated all· of the provisions cited in the board's report, and we also agree that permanent disbarment is the appropriate sanction.

{¶ 10} Respondent was a prosecutor. While serving in that noble position of public trust through which the laws regulating public conduct are enforced, he himself violated the law and flouted the rules that regulate the legal profession. By doing so, he betrayed his principal duty as a prosecutor—to see that justice is done in each case—and he undermined the public's faith in both the legal profession and our system of criminal justice.

{¶ 11} We have imposed a sanction of permanent disbarment in other cases in which a lawyer has committed criminal acts that interfered with the fair administration of justice. See, e.g., *Disciplinary Counsel v. Melamed* (1991), 62 Ohio St.3d 187, 580 N.E.2d 1077 (ordering the permanent disbarment of an attorney who had been convicted of obstruction of justice for taking part in a scheme to circumvent the random assignment of cases to judges and for paying bribes to the court's bond commissioner); *Disciplinary Counsel v. Gorman* (1989), 43 Ohio St.3d 166, 539 N.E.2d 1120 (ordering the permanent disbarment of an attorney who had used his position as a prosecutor for personal financial gain while investigating a check-kiting scheme).

{¶ 12} And certainly we have disbarred attorneys who, like respondent, have committed violations of DR 1–102(A) and have been convicted of felony offenses. See, e.g., *Disciplinary Counsel v. Stern,* 106 Ohio St.3d 266, 2005-Ohio-4804, 834 N.E.2d 351; *Disciplinary Counsel v. Ulinski,* 106 Ohio St.3d 53, 2005-Ohio-3673, 831 N.E.2d 425; *Disciplinary Counsel v. Bein,* 105 Ohio St.3d 62, 2004-Ohio-7012, 822 N.E.2d 358.

{¶ 13} To be sure, we do view as a mitigating factor a diagnosed chemical dependency that contributed to a lawyer's misconduct, provided the lawyer has successfully completed an approved treatment program and that a qualified health-care professional is able to say that the lawyer will be able to practice law in a competent and ethical manner under specified conditions. BCGD Proc.Reg. 10(B)(2)(g). Yet any mitigating factor in a disciplinary case like this must be weighed against the seriousness of the rule violations that the lawyer has committed.

{¶ 14} The egregious misconduct in this case—which was committed by respondent while he held a position of public trust—far exceeds any evidence that he has offered in mitigation. His actions lessened confidence in the legal profession and compromised its integrity by conveying the impression that favorable outcomes could be purchased in Cuyahoga County. "Where those whose job it is to enforce the law break it instead, the public rightfully questions whether the system itself is worthy of respect." *In re Hughes* (Ind.1994), 640 N.E.2d 1065, 1067.

{¶ 15} While serving as a prosecutor, respondent communicated with criminal defendants about the merits of their cases, knowing that they were represented by defense counsel. He accepted a bribe from a criminal defendant, knowing that it was offered because he held a position of public trust and influence, and he tried to cause another defendant to believe that the payment of money could affect the outcome of a pending case. This abuse of public office is not diminished by respondent's drug addiction or by any other mitigating factor. His misconduct has been too harmful to the public and to the administration of justice for him to remain a member of the legal profession in Ohio.

{¶ 16} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Murman & Associates and Michael E. Murman, for respondent.