DISCIPLINARY COUNSEL *v.* COHEN.

[Cite as *Disciplinary Counsel v. Cohen,* 142 Ohio St.3d 471, 2015-Ohio-2020.]

(No. 2014–1740—Submitted January 14, 2015—Decided May 28, 2015.)

_____

**Per Curiam.**

{¶ 1} Respondent, Gregory Alan Cohen of Cincinnati, Ohio, Attorney Registration No. 0061854, was admitted to the practice of law in Ohio in 1993. On February 12, 2014, we suspended his license on an interim basis after receiving notice of his felony convictions for attempted obstruction of justice and attempted tampering with evidence. *In re Cohen*, 138 Ohio St.3d 1233, 2014-Ohio-474, 5 N.E.3d 654. On March 25, 2014, relator, disciplinary counsel, charged Cohen with violations of the Rules of Professional Conduct based on the same facts that led to his felony convictions. The parties waived a formal hearing and instead submitted stipulations of facts and rule violations, and they recommended that as a sanction, Cohen serve an indefinite suspension with credit for time served under his interim felony suspension. The Board of Commissioners on Grievances and Discipline[1] issued a report accepting the parties' stipulations and recommending that we impose the parties' proposed sanction.

{¶ 2} After reviewing the record, we adopt the board's findings of fact and misconduct and agree that an indefinite suspension is the appropriate sanction in this case. However, we decline to grant credit for time served under the interim felony suspension.

### Misconduct

{¶ 3} In early 2013, while Cohen was representing a defendant charged with murder, he talked to a prosecution witness about purchasing bus fare to travel out of state and then paid money to the witness. The witness then contacted police, who later captured Cohen discussing the proposal on tape. In February 2013, a grand jury indicted Cohen on charges of bribery and obstruction of justice, and in January 2014, the grand jury indicted him on an additional charge of attempted tampering with evidence. He later pled guilty to the attempted-tampering charge and a reduced charge of attempted obstruction of justice, both fourth-degree felonies. The prosecutor dismissed the bribery charge. On January 29, 2014, a judge of the Hamilton County common pleas court ordered that Cohen serve monitored house arrest for 60 days and three years' community control, pay a $5,000 fine, and perform 500 hours of community service.

_____

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

{¶ 4} Based on this conduct, the parties stipulated and the board found that Cohen violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We agree with these findings of misconduct.

## Sanction

{¶ 5} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B).[2] *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. However, because each disciplinary case is unique, we are not limited to the factors specified in BCGD Proc.Reg. 10(B) and may take into account all relevant factors in determining which sanction to impose.

### Mitigating and aggravating factors

{¶ 6} The board found, and we agree, that the following mitigating factors are present: Cohen has no prior discipline, he made full and free disclosure to the disciplinary board and had a cooperative attitude toward the proceedings, the record includes evidence of good character and reputation, and other penalties have been imposed for the underlying misconduct. *See* BCGD Proc.Reg. 10(B)(2)(a), (d), (e), and (f). The board determined, and we agree, that none of the aggravating factors listed in the board regulations are applicable here.

### Applicable precedent

{¶ 7} The board recommends that we indefinitely suspend Cohen and grant him credit for time served under his interim felony suspension, which was imposed on February 12, 2014. The board recognizes that Cohen's conduct—attempting to obstruct justice and tamper with evidence by paying money to a prosecution witness—undermined the integrity of the judicial system, but the board also notes that his convictions arose "out of an isolated incident in his career." To support its recommended sanction, the board cites *Ohio State Bar Assn. v. McCafferty*, 140 Ohio St.3d 229, 2014-Ohio-3075, 17 N.E.3d 521, in which

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

we indefinitely suspended a former judge after she was convicted of making false statements to federal authorities.

{¶ 8} Few infractions impugn the integrity of the legal profession more than an attorney's criminal acts interfering with the fair administration of justice. Accordingly, we have previously reserved our most severe sanctions for attorneys who commit crimes such as obstruction of justice or tampering with evidence while representing a client. *See, e.g., Disciplinary Counsel v. Phillips*, 108 Ohio St.3d 331, 2006-Ohio-1064, 843 N.E.2d 775 (a former prosecutor was permanently disbarred after being convicted of bribery, attempted obstruction of justice, attempted tampering, and other crimes for accepting a bribe from a criminal defendant and telling another defendant—who was an undercover informant— that the payment of money could affect the outcome of a pending case); *Disciplinary Counsel v. Freedman*, 49 Ohio St.3d 65, 551 N.E.2d 143 (1990) (an attorney was permanently disbarred after being convicted of obstruction of justice for obtaining and keeping a client's contraband to prevent discovery by federal authorities); *Cleveland Bar Assn. v. Jurek*, 62 Ohio St.3d 318, 581 N.E.2d 1356 (1991) (an attorney was permanently disbarred after being convicted of obstruction of justice for bribing a court's bond commissioner who was in charge of assigning judges); *Disciplinary Counsel v. Young*, 102 Ohio St.3d 113, 2004-Ohio-1809, 807 N.E.2d 317 (an attorney was indefinitely suspended after being convicted of conspiracy to obstruct justice for plotting with his client to pay money to a witness in exchange for fabricating a story that would exonerate the client); *Disciplinary Counsel v. Allen*, 94 Ohio St.3d 129, 760 N.E.2d 820 (2002) (an attorney was indefinitely suspended after being convicted of perjury and tampering with records for knowingly creating and having her client sign a false affidavit and then having her client file a complaint based on the false affidavit).

{¶ 9} Cohen similarly attempted to thwart the administration of justice, and the seriousness of his misconduct cannot be overstated. Nonetheless, we agree with the board that an indefinite suspension is the appropriate sanction in this case, especially given the presence of several mitigating factors and the absence of any aggravating factors. However, we find no compelling reason to grant Cohen credit for time served under his interim felony suspension.

## Conclusion

{¶ 10} Having considered the ethical duties violated, the mitigating factors, and the sanctions imposed in comparable cases, we hereby indefinitely suspend Gregory Alan Cohen from the practice of law, with no credit for time served under his interim suspension. Costs are taxed to Cohen.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

LANZINGER and O'NEILL, JJ., would grant the respondent credit for time served under the interim suspension.

———

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Peter Rosenwald, for respondent.