DISCIPLINARY COUNSEL *v.* CALABRESE.

[Cite as *Disciplinary Counsel v. Calabrese,*
143 Ohio St.3d 229, 2015-Ohio-2073.]

(No. 2014–1390—Submitted January 14, 2015—Decided June 3, 2015.)

Per Curiam.

{¶ 1} Respondent, Anthony Orlando Calabrese III, formerly of Cleveland, Ohio, Attorney Registration No. 0068535, was admitted to the practice of law in Ohio in 1997. On July 23, 2013, we suspended his license to practice on an interim basis pursuant to Gov.Bar R. V(5)(A)(4) (now Gov.Bar R. V(18)(A)(4)) upon receiving notice that he had been convicted of a felony. *In re Calabrese*, 136 Ohio St.3d 1226, 2013-Ohio-3210, 991 N.E.2d 1149.

{¶ 2} On March 14, 2014, relator, disciplinary counsel, filed an amended three-count complaint with the Board of Commissioners on Grievances and Discipline.[1] That complaint charged Calabrese with multiple violations of the Disciplinary Rules of the former Code of Professional Responsibility and the current Rules of Professional Conduct for conduct that resulted in his conviction of 18 federal felony counts involving conspiracy, mail fraud, and bribery, and nine state felony counts involving engaging in a pattern of corrupt activity, theft, and bribery.[2]

{¶ 3} The parties submitted agreed stipulations of fact and misconduct and aggravating and mitigating factors, as well as 14 stipulated exhibits. After hearing Calabrese's testimony, a panel of the board found that relator had proved each of the alleged violations by clear and convincing evidence and recommended that Calabrese be permanently disbarred for his misconduct. The board adopted the panel's report in its entirety.

{¶ 4} Calabrese objects to the board's characterization of certain facts and urges this court to reject the board's recommendation of permanent disbarment in favor of an indefinite suspension from the practice of law. We overrule Calabrese's objections and agree with the board that the facts of this case warrant permanent disbarment.

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline was renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

2. Relator charged Calabrese with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility. When both the former and current rules are cited for the same act, however, we consider the allegations to comprise a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

### Findings of Fact and Misconduct

### Count One—Federal Convictions

{¶ 5} The parties stipulated and the board found that on June 7, 2012, a federal grand jury handed down a 20–count superseding indictment against Calabrese, alleging that he had engaged in various acts of fraud, bribery, and conspiracy from approximately 2001 to 2009. *United States v. Calabrese*, N.D.Ohio case No. 1:11CR437. On or about January 14, 2013, Calabrese pleaded guilty to the following counts as alleged in the indictment:

| Count | Crime |
| --- | --- |
| 1 | Racketeer Influenced and Corrupt Organizations Act ("RICO") violation, 18 U.S.C. 1962(d) |
| 2, 11, 16 | Conspiracy to commit bribery concerning programs receiving federal funds, 18 U.S.C. 371 |
| 3, 12, 13 | Bribery concerning programs receiving federal funds, 18 U.S.C. 666(a)(2) |
| 4, 14, 17 | Hobbs Act conspiracy, 18 U.S.C.1951 |
| 5, 6, 18, 19 | Conspiracy to commit mail fraud and honest-services mail fraud, 18 U.S.C. 1349 |
| 7, 8, 9, 15 | Mail fraud, 18 U.S.C. 1341 |

{¶ 6} In return for Calabrese's guilty plea, the United States Attorney's Office dismissed Counts 10 and 20 of the superseding indictment (tampering with a witness, victim, or informant, 18 U.S.C. 1512).

{¶ 7} On June 20, 2013, Judge Sara Lioi of the United States District Court, Northern District of Ohio, sentenced Calabrese to 108 months in prison and three years of supervised release. Judge Lioi also ordered Calabrese to pay $132,041.93 in restitution. He agreed to a payment plan and has made nominal payments to date from the money he earns while working in prison. As part of the plea, Calabrese forfeited $74,450 as a result of his racketeering activities described in Count 1 of the superseding indictment and attachment A to his plea agreement.

{¶ 8} With respect to the charges to which he pleaded guilty, Calabrese admits the facts contained in the superseding indictment, his plea agreement, and attachment A to his plea agreement. The board, therefore, concluded that relator had proved the following violations by clear and convincing evidence: DR

1–102(A)(3) and Prof.Cond.R. 8.4(b) (prohibiting a lawyer from engaging in illegal conduct that involves moral turpitude or that reflects adversely on the lawyer's honesty or trustworthiness); DR 1–102(A)(4) and Prof.Cond.R. 8.4(c) (both prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 5–101(A)(1) (prohibiting a lawyer from accepting employment if the lawyer's exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests unless the client consents after full disclosure) and Prof.Cond.R. 1.7(a)(1) (prohibiting a lawyer from accepting or continuing employment if the representation of the client will be directly adverse to another current client); and DR 1–102(A)(5) and Prof.Cond.R. 8.4(d) (both prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The board also found that Calabrese's conduct in each of the three counts satisfies the standard of egregiousness required to support a finding of a violation of DR 1–102(A)(6) and Prof.Cond.R. 8.4(h) (both prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21. We adopt the board's findings and conclusions with respect to Count One of disciplinary counsel's complaint.

## Count Two—Convictions Related to the June 16, 2013

### Cuyahoga County Indictment

{¶ 9} On June 16, 2013, a Cuyahoga County Grand Jury handed down a six-count indictment against Calabrese that contained the following state charges for substantially the same conduct that was alleged in the federal indictment:

| Count | Crime |
|-------|-------|
| 1 | Engaging in a pattern of corrupt activity, a first-degree felony, R.C. 2923.32(A)(1) |
| 2 | Conspiracy, a second-degree felony, R.C. 2923.01(A)(1) |
| 3 | Conspiracy, a second-degree felony, R.C. 2923.01(A)(2) |
| 4 | Theft, a fourth-degree felony, R.C. 2913.02(A)(3) |
| 5 | Bribery, a third-degree felony, R.C. 2921.02(C) |
| 6 | Bribery, a third-degree felony, R.C. 2921.02(A) |

*State v. Calabrese*, Cuyahoga C.P. No. CR–13–576241.

{¶ 10} Calabrese pleaded guilty to Counts 1, 4, 5, and 6 of the indictment on November 1, 2013, and he admits the facts alleged in those counts. The

prosecutor dismissed Counts 2 and 3. Judge Patricia Cosgrove sentenced Calabrese to four years and six months in prison—four years for Count 1, three years for Counts 5 and 6, to be served concurrently with each other and with the sentence imposed for Count 1, and six months for Count 4, to be served consecutively to the sentence imposed for Count 1, all to run concurrently with his federal sentence. Judge Cosgrove also imposed a $25,000 fine and five years of postrelease control.

{¶ 11} Consistent with the parties' stipulations, the board concluded that Calabrese's conduct from 2003 through 2008 with respect to these criminal convictions violated DR 1–102(A)(3), (5), and (6). We adopt the board's findings and conclusions with respect to Count Two of disciplinary counsel's complaint.

### Count Three—Convictions Related to the January 25, 2013
### Cuyahoga County Indictment

{¶ 12} On or about January 25, 2013, a Cuyahoga County Grand Jury issued a nine-count indictment against Calabrese and three codefendants (Thomas Castro, attorney Marc Doumbas, and attorney G. Timothy Marshall). The charges arose out of a bribery scheme to protect Castro, who Calabrese represented in business matters and Doumbas represented in criminal matters, from going to prison. *State v. Calabrese*, Cuyahoga C.P. No. CR–13–571014. The indictment contained the following charges:

| Count | Crime |
| --- | --- |
| 1 | Engaging in a pattern of corrupt activity, a first-degree felony, R.C. 2923.32(A)(1) (all four defendants) |
| 2 | Conspiracy, a second-degree felony, R.C. 2923.01(A)(1) (all four defendants) |
| 3 | Conspiracy, a second-degree felony, R.C. 2923.01(A)(2) (all four defendants) |
| 4 | Bribery, a third-degree felony, R.C. 2921.02(C) (Castro, Doumbas, and Marshall) |
| 5 | Bribery, a third-degree felony, R.C. 2921.02(C) (Marshall and Doumbas) |
| 6, 7, 9 | Bribery, a third-degree felony, R.C. 2921.02(C) (Castro and Calabrese) |
| 8 | Bribery, a third-degree felony, R.C. 2921.02(C) (Castro, Calabrese, and Doumbas) |

{¶ 13} Calabrese pleaded guilty to Counts 1, 6, 7, 8, and 9 of the indictment on November 1, 2013, and admits the facts alleged with respect to those counts. And as part of the plea agreement, the prosecutor dismissed Counts 2 and 3. Counts 4 and 5 did not pertain to Calabrese. Judge Patricia Cosgrove sentenced

Calabrese to four years of imprisonment for Count 1 and three years for each of Counts 6, 7, 8, and 9, all to run concurrently with each other and with both his federal sentence and his sentence in case No. CR–13–576241. Judge Cosgrove also imposed five years of postrelease control.

{¶ 14} The parties stipulate and the board concluded that Calabrese's conduct with respect to this count of disciplinary counsel's complaint, all of which occurred in 2012, violated Prof.Cond.R. 8.4(b), (d), and (h). We adopt the board's findings and conclusions with respect to Count Three of disciplinary counsel's complaint.

## Sanction

{¶ 15} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc. Reg. 10(B).[3]

{¶ 16} The parties stipulated that the relevant aggravating factors are that Calabrese acted with a dishonest or selfish motive, engaged in a pattern of misconduct, and committed multiple offenses and that his conduct resulted in harm to the public at large. *See* BCGD Proc.Reg. 10(B)(1)(b), (c), (d), and (h). They also stipulated that the following mitigating factors are present—the absence of prior discipline, Calabrese's timely good-faith effort to make restitution, his full and free disclosure to the disciplinary board and cooperative attitude toward the proceedings, positive character evidence, and the imposition of criminal sanctions. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), (d), (e), and (f).

{¶ 17} The board summarized Calabrese's conduct, stating:

> It is difficult to imagine a case more disappointing and damaging to the public and to our profession. Respondent, just 41 years old, has engaged in a decade-long, deleterious, and corrupt pattern of misconduct involving the serious crimes of moral turpitude, culminating in his conviction in three separate criminal cases of 27 felony counts, the imposition of a nine-year prison term, and hundreds of thousands of dollars in restitution, fines, and forfeitures.

{¶ 18} Although it recognized that the primary purpose of discipline is to protect the public and not to punish the offender, the board noted that there are

---

3. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13). 140 Ohio St.3d CXXIV.

times when to maintain public confidence in the legal profession and preserve the integrity of the profession, the imposition of the ultimate disciplinary sanction—permanent disbarment—is appropriate. Comparing Calabrese's conduct to that of two other attorneys who were disbarred by this court, the board concluded that permanent disbarment is the appropriate sanction in this case.

{¶ 19} In *Disciplinary Counsel v. Phillips,* 108 Ohio St.3d 331, 2006-Ohio-1064, 843 N.E.2d 775, ¶ 4, we disbarred Aaron Phillips, an assistant county prosecutor who had accepted a $2,000 bribe from a criminal defendant and promised to "fix" another defendant's case in return for cash. He was convicted of several felony charges including bribery, theft in office, attempted obstruction of justice, and attempted tampering with evidence and was sentenced to 30 months in prison. He served six months in prison before receiving judicial release, and he completed an in-patient drug-treatment program.

{¶ 20} Although we recognized that there were significant mitigating factors in that case, including Phillips's diagnosed chemical dependency that contributed to his conduct, we balanced those factors against the seriousness of his rule violations and concluded that his conduct had been "too harmful to the public and to the administration of justice for him to remain a member of the legal profession in Ohio." *Id.* at ¶ 13–15.

{¶ 21} The board in this case noted that while Phillips's misconduct was serious and harmful to our system of justice, it consisted of two isolated incidents. In contrast, the board found that Calabrese "methodically and meticulously built politically and morally corrupt enterprises using bribes, kickbacks, shell companies, and cryptic code, all in an effort to line his own pockets and those of his cronies." While acknowledging that "most of his misconduct involved cheating the unsuspecting taxpayers in Cuyahoga County, often at the expense of his own clients," the board also found that Calabrese "attempted to bribe a rape victim * * * by offering her, through her lawyer, $90,000 to provide a favorable statement on behalf of her assailant, Thomas Castro, who was also [Calabrese's] client." Finding that Calabrese's conduct with respect to the rape victim "occurred after the federal government had indicted [him] and while he was under federal surveillance," the board concluded that "there can be no doubt that [he] is unfit to practice in a profession grounded upon integrity."

{¶ 22} Moreover, the board noted that in *Disciplinary Counsel v. Stern,* 106 Ohio St.3d 266, 2005-Ohio-4804, 834 N.E.2d 351, we permanently disbarred an attorney who had been convicted of several crimes, including possession of heroin with intent to distribute, arranging to have his rental property destroyed by fire to collect the insurance proceeds, and forging a copayee's signature on insurance checks and retaining the proceeds for himself. There, we stated:

A lawyer who engages in the kind of criminal conduct committed by respondent violates the duty to maintain personal honesty and integrity, which is one of the most basic professional obligations owed by lawyers to the public. Respondent's misconduct was harmful to the legal profession, which is and ought to be a high calling dedicated to the service of clients and the public good. "[P]ermanent disbarment is an appropriate sanction for conduct that violates DR 1–102 and results in a felony conviction."

*Id.* at ¶ 8, quoting *Disciplinary Counsel v. Gallagher*, 82 Ohio St.3d 51, 52, 693 N.E.2d 1078 (1998).

{¶ 23} Calabrese objects to the board's findings and recommendation. He expresses concern that the panel did not receive his trial and sanction briefs and did not consider the argument or cases cited therein. The record, however, reflects that the panel did receive both filings, though it did not adopt the arguments propounded in them as Calabrese had hoped.

{¶ 24} Next, Calabrese challenges the board's findings that he had been under federal surveillance, that his client had committed a rape, and that by attempting to bribe the victim, he had shown his approval of his client's actions. He claims that these findings are outrageous, inflammatory, irresponsible, inaccurate, and unsupported by the record. But Calabrese stipulated to the facts of the indictment in case No. 13–CR–571014, which referred to Castro's case as a "rape case" and stated, "Calabrese Met with Victim # 2's attorney, referred to as 'UA2,' in a car while Calabrese was fearful of federal surveillance and wiretapping." And he did not object when relator referred to the woman he sought to bribe as a rape victim. Therefore, we do not find that the board has mischaracterized the facts.

{¶ 25} In his final objection, Calabrese urges us to consider the fact that he was not a public official when he committed his misconduct, combined with the mitigating factors found by the board, and impose an indefinite suspension for his misconduct. Given the length, breadth, and seriousness of Calabrese's misconduct, however, we agree with the board that permanent disbarment is the appropriate sanction in this case.

{¶ 26} Accordingly, Anthony Orlando Calabrese III is permanently disbarred from the practice of law in Ohio. Costs are taxed to Calabrese.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

Scott J. Drexel, Disciplinary Counsel, Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

Anthony Orlando Calabrese III, pro se.