O’Donnell, J.,
dissenting.
{¶ 20} Respectfully, I dissent.
{¶ 21} Martinez knowingly participated in a scheme to bribe a crime victim when he transmitted an offer purporting to settle civil claims against Castro, the perpetrator, in exchange for the victim writing a letter urging the sentencing judge not to impose a jail sentence on him. After the victim contacted the prosecutor and decided to accept the deal to “trick [Castro] into getting busted for bribery,” Martinez abruptly terminated the representation, as the majority says, “stating reasons for that action that were untrue.” Majority opinion at ¶ 10. Actually, in an apparent attempt to frustrate the investigation, he made unsubstantiated claims that the victim had failed to notify him of her change of address, failed to remain in contact with him, failed to pay him the costs and expenses of litigation, and failed to sign a written fee agreement.
{¶ 22} Martinez then offered to give testimony against other attorneys involved in the bribery scheme in exchange for the prosecutor’s agreement to charge him with only a misdemeanor count of obstruction for his part in the bribery scheme. After providing that testimony, he pleaded no contest to obstructing official business, a second-degree misdemeanor, in violation of R.C. 2921.81(A).
{¶ 23} The parties stipulate that Martinez violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer’s honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The board accepted these stipulations and the parties’ recommendation that Martinez be suspended from the practice of law for six months, all stayed, and the majority adopts those findings and the recommended sanction.
*217 {¶ 24} As we explained in Disciplinary Counsel v. Young, 102 Ohio St.3d 113, 2004-Ohio-1809, 807 N.E.2d 317, ¶ 14, “[w]hen an attorney has attempted to thwart the administration of justice, disbarment is an accepted sanction.” We therefore have not hesitated to disbar attorneys for committing bribery. See, e.g., Disciplinary Counsel v. Calabrese, 143 Ohio St.3d 229, 2015-Ohio-2073, 36 N.E.3d 151; Disciplinary Counsel v. Phillips, 108 Ohio St.3d 331, 2006-Ohio-1064, 843 N.E.2d 775; Disciplinary Counsel v. Melamed, 62 Ohio St.3d 187, 580 N.E.2d 1077 (1991).
{¶ 25} And we have indefinitely suspended attorneys who attempted bribery. E.g., Disciplinary Counsel v. Cohen, 142 Ohio St.3d 471, 2015-Ohio-2020, 32 N.E.3d 455; Young, 102 Ohio St.3d 113, 2004-Ohio-1809, 807 N.E.2d 317; Bar Assn. of Greater Cleveland v. Italiano, 24 Ohio St.3d 204, 494 N.E.2d 1113 (1986). In other cases, we have indefinitely suspended attorneys for suggesting that the outcome of a proceeding could be improperly influenced through a bribe. E.g., Dayton Bar Assn. v. O’Brien, 103 Ohio St.3d 1, 2004-Ohio-3939, 812 N.E.2d 1263; Columbus Bar Assn. v. Benis, 5 Ohio St.3d 199, 449 N.E.2d 1305 (1983); Ohio State Bar Assn. v. Consoldane, 50 Ohio St.2d 337, 364 N.E.2d 279 (1977).
{¶ 26} Nonetheless, we have previously recognized that when an attorney presents sufficient mitigation, a sanction short of an indefinite suspension is appropriate. Thus, in Disciplinary Counsel v. Blaszak, 104 Ohio St.3d 330, 2004-Ohio-6593, 819 N.E.2d 689, we imposed a two-year suspension on an attorney convicted of offering to sell his own testimony for $500,000. Although we “aeknowledge[d] that we have imposed an indefinite suspension for professional misconduct involving attorneys who suggested that bribery could accomplish a certain result,” id. at ¶ 23, the attorney’s “overwhelming evidence of mitigation” militated against a harsher sanction, id. at ¶ 24..
{¶ 27} The mitigating evidence in this case includes the absence of a prior disciplinary record, a cooperative attitude toward the disciplinary proceedings, evidence of Martinez’s good character and reputation, and the criminal sanctions already imposed. However, a stayed minimum suspension of six months is an insufficient sanction for conduct involving bribery, because Martinez engaged in conduct that not only corrupts the judicial process but also had the potential to result in false information being presented to a sentencing judge. Any actions that subvert the adversarial process call for a sanction stronger than a stayed suspension from the practice of law.
{¶ 28} Based on his misdemeanor conviction for obstruction, I would suspend Martinez from the practice of law for one year. See Disciplinary Counsel v. Klaas, 91 Ohio St.3d 86, 742 N.E.2d 612 (2001) (imposing a one-year suspension, with six months stayed, on an attorney who alerted a former client to an imminent drug raid and who was subsequently convicted of attempted obstruction *218 of justice); Disciplinary Counsel v. Smakula, 39 Ohio St.3d 143, 529 N.E.2d 1376 (1988) (suspending an attorney for one year for his participation in a ticket-fixing operation that resulted in his conviction for misdemeanor offenses).
Scott J. Drexel, Disciplinary Counsel, and Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, for relator.
Kegler, Brown, Hill & Ritter, L.P.A., Geoffrey Stern, and Jason Beehler, for respondent.
{¶ 29} Accordingly, I respectfully dissent from the majority’s decision to impose a stayed suspension based on the facts presented here.
O’Connor, C.J., and French, J., concur in the foregoing opinion.